

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2009

# USA v. Chad Mercer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Chad Mercer" (2009). *2009 Decisions.* Paper 1886.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1886

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3311
_____

UNITED STATES OF AMERICA

v.

CHAD MERCER,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 07-cr-00046-001)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:   McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed February 10, 2009)
_____

OPINION OF THE COURT
_____

_____
        *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit sitting by designation.

1

LOURIE, *Circuit Judge*.

Chad Mercer seeks to appeal his conviction and prison sentence. Mercer's counsel has filed an *Anders* brief in which he states that there are no non-frivolous grounds for appeal. Mercer did not elect to file a *pro se* brief on the merits of his appeal. We agree with counsel that there are no non-frivolous grounds for appeal and will affirm.

## I. BACKGROUND

On February 21, 2007, Officer Lagace was on duty in a residential area with a speed limit of 20 mph. Lagace saw a car in which Mercer was a passenger and concluded that it was being driven at about twice the speed limit because its headlights passed quickly by his patrol vehicle. Lagace pursued the car, caught up with it, and pulled it over for speeding in violation of 21 Del. C. § 4168(a). As the car stopped, Mercer jumped from the passenger side door and ran onto the front yard of a house. Mercer did not close the passenger door, and the car pulled away. Lagace exited the patrol car and chased Mercer on foot. Lagace repeatedly yelled for Mercer to stop and lie on the ground; Mercer did not comply. Lagace chased Mercer along the side of the house and attempted to use a taser to stop him, but the taser malfunctioned. Lagace caught up with Mercer on the front porch of the house and wrestled him down. Another officer arrived, and together they restrained Mercer.

Lagace took Mercer to his patrol vehicle, where he was searched and placed under arrest. Mercer was placed in the back of the patrol vehicle. Lagace returned to the porch

2

to retrieve his taser and found a black and wooden-handled revolver in the same area where Lagace had first touched Mercer. Lagace collected the revolver as evidence and took digital photographs of the scene.

Lagace returned to the patrol vehicle and read Mercer his *Miranda* rights. Lagace testified that Mercer said that he understood the rights read to him. Lagace testified that Mercer agreed to speak with him and said that he was willing to voluntarily answer Lagace's questions. Mercer told Lagace he was intoxicated and his speech was slurred, and Lagace observed an odor of alcohol on his breath and that his eyes were bloodshot and glassy. Lagace concluded that Mercer was intoxicated but capable of interacting. Mercer then gave a statement, and Lagace drove Mercer to the police station, where a breathalyzer test showed Mercer's blood alcohol level to be 0.14%. Four hours later, Lagace again read Mercer his Miranda rights and conducted another interview with him.

On January 8, 2008, Mercer was indicted by a grand jury for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mercer moved to suppress certain evidence and statements, challenging probable cause for the traffic stop, reasonable suspicion to seize Mercer, and the propriety of Mercer's first interview. The District Court found the traffic stop to have been legitimate based on Lagace's observation of a speeding violation, and the Court found Lagace's testimony regarding the speeding to be credible. The Court also found Mercer's seizure to be legitimate because Mercer fled from the car, preventing Lagace from obtaining control

3

over the traffic stop and providing reasonable suspicion for Lagace to pursue and detain Mercer. The Court granted Mercer's motion with respect to the first interview, finding no detailed evidence to demonstrate that Mercer understood his *Miranda* rights at that time, especially given that he was intoxicated.

At trial, Mercer testified as to why he had the gun. He testified that, after Lagace pulled over the vehicle, the driver of the car, from whom he had accepted a ride because it was cold and he was tired and drunk, had retrieved the gun from under his seat, handed it to Mercer, and told Mercer to run or he would shoot him. Mercer testified that he took the gun because the driver had threatened to shoot him and he feared for his safety. He stated that he believed that the driver had a second gun under his coat, and that he attempted to tell the police officers about the driver and the gun.

On March 13, 2008, a jury found Mercer guilty. Prior to sentencing, United States Probation and Pretrial Services prepared a presentence investigation report stating that Mercer was subject to a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), for violation of 18 U.S.C. § 922(g)(1). Mercer received a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm was stolen, resulting in a total offense level of 22. He also received a total of five criminal history points, three based on his prior criminal convictions and two pursuant to U.S.S.G. § 4A1.1(e), because the offense was committed within two years of Mercer's release from custody in a Delaware state case. The five criminal history points resulted in a criminal history category of III.

Based on a total offense level of 22 and criminal history category of III, Mercer's Sentencing Guidelines range was 51 to 63 months of imprisonment. Neither the government nor Mercer objected to the presentence investigation report.

At the sentencing hearing, the District Court recalculated the Sentencing Guidelines range. Mercer's counsel requested a variance from the range to 48 months, and the court granted the requested 48-month sentence, stating that the three-month variance below the Sentencing Guidelines would, the Court hoped, make a difference in how Mercer would approach his life. The Court also stated that it found "this sentence to be reasonable and appropriate. The sentence will protect the public, meet the additional sentencing goals of punishment and deterrence while taking into account the defendant's personal history and characteristics." (App. 364.) The court also imposed three years of supervised release and a $100 special assessment. (App. 364-65.)

Mercer timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

Following entry by the District Court of its final order, Mercer's counsel filed an appellate brief in this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), which holds that if appointed counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, counsel should advise the court and request permission to withdraw. *Id.* at 744. To determine the adequacy of counsel's brief, we take into account whether counsel "has thoroughly examined the record in search of appealable issues" and

5

explained "why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If we are satisfied with counsel's brief, we may grant counsel's request to withdraw and deny the appeal. *Anders*, 386 U.S. at 744.

Here, counsel's *Anders* brief indicates that he reviewed the record and determined that the only three grounds for appeal would be (1) whether the District Court erred in denying Mercer's suppression motion, (2) whether substantial evidence supports the jury's verdict, and (3) whether Mercer's sentence was reasonable. Counsel concluded that an appeal based on any of the three grounds would be frivolous. First, regarding the suppression motion, counsel concluded that an appeal of the traffic stop would be frivolous because, given Lagace's testimony that the car was speeding, which the Court found credible, counsel did "not believe that the District Court erred in its determination that reasonable suspicion existed for the traffic stop." (*Anders* Br. 18.) Counsel also concluded that the District Court did not err in determining that Lagace had reasonable suspicion to seize Mercer when he fled from the car, as the decision was supported by Third Circuit case law.

Second, counsel concluded that substantial evidence supported the jury's verdict, as Mercer had stipulated to his prior felony conviction, the government presented evidence that the gun had traveled in interstate commerce, and Mercer had admitted to possessing the gun, satisfying the three elements of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counsel pointed out that Mercer presented his justification defense as to why he had the

6

gun, and the Court gave a jury instruction on the justification defense, which properly stated Mercer's burden. Thus, counsel argued that appealing the jury's verdict would "ask this [c]ourt to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or to substitute its judgment for that of the jury." (*Anders* Br. 21.)

Third, counsel concluded that Mercer's sentence was reasonable, as the District Court properly calculated the Sentencing Guideline range, considered mitigating factors, and explained how some of those factors impacted its decision. Counsel also argued that the Court's grant of Mercer's request for a three-month variance below the Sentencing Guidelines range showed the reasonableness of the sentence. We are satisfied that counsel's *Anders* brief is adequate.

When an *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the *Anders* brief itself. *Youla*, 241 F.3d at 301. We agree with counsel that there is no non-frivolous basis to challenge the District Court's conviction and sentence. Regarding the motion to suppress, "[w]e review the district court's denial of [a] motion to suppress for clear error as to underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003) (internal quotation marks omitted). A traffic stop is reasonable as long as "an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop." *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006). Here, the District Court believed, after hearing

7

evidence from both sides, that the car had been speeding. The district court's credibility determination was not clearly erroneous, as Mercer did not contradict Lagace's testimony that the car was driving at a high rate of speed. Thus, the traffic stop was legitimate. With regard to the seizure of Mercer, "[f]light from a non-consensual, legitimate traffic stop (in which the officers are authorized to exert superintendence and control over the occupants of the car) gives rise to reasonable suspicion" to detain. *United States v. Bonner*, 363 F.3d 213, 218 (3d Cir. 2004). Undisputed facts established that Mercer fled from the car; thus, Lagace had reasonable suspicion to detain him.

We agree with counsel that substantial evidence supported the jury's verdict. As counsel demonstrated, the government had presented evidence to satisfy all three elements of the offense. Mercer was allowed to present a justification defense, and the jury was properly instructed on the defense. *See United States v. Paolello*, 951 F.2d 537, 541 (3d Cir. 1991) (recognizing that justification is a valid defense under 18 U.S.C. § 922(g)). The jury's verdict was therefore supported by substantial evidence.

We also agree with counsel that Mercer's sentence was reasonable. Sentences within the guidelines are likely to be reasonable. *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (stating that "appellate 'reasonableness' review merely asks whether the trial court abused its discretion"). In reviewing a sentence for reasonableness, we examine (1) whether the district court correctly calculated the applicable Sentencing Guideline range, (2) whether

8

the record demonstrates that the district court exercised its discretion by giving meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a) and any arguments by the prosecution or the defendant, and (3) whether the district court reasonably applied the Section 3553(a) factors to the particular circumstances of the case. *Cooper*, 437 F.3d at 329-32. Here, the District Court properly calculated the range based on the Guidelines. The Court stated on the record that it meaningfully considered the Section 3553(a) factors and explained how some of those factors influenced its decision. The Court also granted Mercer the sentence he requested, which was lower than the range given by the Guidelines. The sentence was therefore reasonable. Thus, there is no meritorious basis for challenging the District Court's conviction and sentence of Mercer.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court and grant counsel's motion to withdraw.